# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

```
EMERSON SMALL,                    )
                                  )
              Plaintiff,          )
                                  )
         v.                       )    CIV-04-240-FHS
                                  )
MARTY SIRMONS, et. al.,           )
                                  )
              Defendants.         )
```

## ORDER AND OPINION

Before the court for its consideration is the Defendants' Sirmons, Dugat, Selby and Martin's Motion for Summary Judgment. This matter is also before the court on its own motion to consider dismissal of the case as frivolous under 28 U.S.C. Sec. 1915.

Plaintiff filed his Complaint in the United States District Court for the Eastern District of Oklahoma on May 27, 2004. Along with his Complaint plaintiff filed a Motion to Proceed *In Forma Pauperis* on this same date. On June 15, 2004, an order was entered granting plaintiff's request to proceed *in forma pauperis*. On July 28, 2004, a Motion to Stay Proceedings and Request for Order Requesting Special Report was filed. On August 25, 2004, an order was entered staying the proceedings and ordering a special report. On November 22, 2004, a special report was filed with this court. On January 8, 2007, defendants filed a motion for summary judgment. In this motion, defendants argue plaintiff's action must be dismissed because plaintiff has failed to establish a First Amendment violation and has failed to establish an affirmative link between their conduct and his constitutional violations. Defendants also argue they are

1

protected by qualified immunity and that they are immune from suit for damages in their official capacity under the Eleventh Amendment. Finally, defendants argue plaintiff's claim for injunctive relief is moot. Plaintiff failed to respond to said motion even after this court entered a show cause order requesting him to do so.

In his Complaint, plaintiff alleges his First Amendment Right to exercise his religion is being violated because he is not being released from work on Fridays to attend the Jumah Service at the prison facility.

The special report filed investigated plaintiff's allegations and determined that no action should be taken at this time.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

**FINDINGS OF FACT**

Plaintiff was received into the Department of Corrections custody on May 4, 2001, and was transferred to Howard McLeod Correctional Center on November 6, 2001, for the offense of Burglary in the Second Degree after a former conviction of a felony. Plaintiff filed a Request to Staff on February 16, 2004, asking that he be allowed to abstain from work in order to attend Jumah prayer services. A response was issued on February 27, 2004, stating that plaintiff could not abstain from work but

could observe Jumah prayer at his job site. On March 3, 2004, plaintiff filed a grievance regarding his request to abstain from work in order to attend Jumah prayer services. A grievance response was issued on March 31, 2004, stating that plaintiff could observe Jumah Prayer at his job site and that he would not be allowed to abstain from work. On April 6, 2004, plaintiff appealed the grievance response, and his request for relief was again denied. On February 6, 2004, plaintiff received a misconduct and was found guilty of the offense of "Disobedience to Orders" for failure to report to his job site. The Department of Corrections does not prohibit inmates who work outside of the facility from observing Jumah on Fridays. Because it was not logistically feasible for the Department of Corrections to transport inmates working outside of the facility back to the facility for observation of Jumah for one hour in the middle of the work day, arrangements are made at the various work sites to accommodate those inmates wishing to observe Jumah.

Plaintiff's sole complaint is that his First Amendment rights were violated when he was not allowed to abstain from work on Fridays in order to attend Jumah prayer services at the prison facility. It is undisputed that plaintiff retains his right to freely practice his religion while in prison, however, it is noted that prison officials can put certain limitations on this freedom. "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest." Turner v. Safley, 482 U.S. 78, 89-90 (1987). Legitimate penological interests include deterrence of crime within the system, rehabilitation of the inmates, and institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). To determine the

reasonableness of prison actions the court may look to certain factors:

> (1) Whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;
> (2) Whether the prisoners remain free to participate in other religious activities;
> (3) Whether accommodating the prisoners' asserted rights would have adverse effects on the institution; and
> (4) Whether ready alternatives that fully accommodate the prisoners' rights could be implemented at de minus cost to valid penological interest.

Turner at 89-91.

It is undisputed that Department of Corrections Policy OP-030112 V.B.1.c. allows plaintiff, as a devout Muslim, the accommodation to observe Jumah at his job site. Bill Reynolds, the Administrative Programs Officer and Warden's Assistant, states that it is logistically unfeasible to transport inmates who work outside of the prison grounds to and from the facility for religious services during the workday, so inmates wishing to observe Jumah on Friday are given provisions and time off at the work site to pray. Defendants enumerated reasons for allowing plaintiff to participate in Jumah at the work site as opposed to giving him the entire day off for a one hour of Jumah prayer is legitimately connected to penological interests in that it is not possible to transport inmates to and from the job site for religious services, and that inmates are allowed to observe Jumah at the work site.  Plaintiff's claim that he is being denied his right to freely practice his religion is therefore invalid as Department of Correction policy and defendants clearly indicate that he is being given the opportunity to pray at his job site. Plaintiff seems to be arguing that he has a right to choose where he will practice his religion.  However, plaintiff has failed to

establish that it is vital to his practice of religion to participate in a group Jumah service or that the particular location is crucial. It is undisputed plaintiff is being given an opportunity to practice his religion. Accordingly, the defendants' motion for summary judgment on plaintiff's claim regarding his right to free exercise of religion is hereby granted.

This court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987). Accordingly, defendants' motion to dismiss converted to a motion for summary judgment is hereby **GRANTED** and this action is, in all respects, **DISMISSED**, as frivolous.

**IT IS SO ORDERED** this 14th day of March, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma